```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SCHOOL FOR LANGUAGE AND
COMMUNICATION DEVELOPMENT, et al.,
                         Plaintiff,                          REPORT AND
           - against -                                       RECOMMENDATION

                                                             02-CV-0269 (JS) (JO)
NEW YORK STATE DEPARTMENT OF
EDUCATION, et al.,
                         Defendants.
----------------------------------------------------------X
```

**JAMES ORENSTEIN, Magistrate Judge:**

Plaintiffs School for Language and Communication Development ("SLCD"), its founder and director, Dr. Ellenmorris Tiegerman, and thirty-one parents of infant children who attend SLCD (collectively, "plaintiffs"), filed the instant suit against the New York State Department of Education ("NYSED") and several state officials (collectively, "defendants"), asserting that the defendants violated their rights under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, by adopting a policy that had the effect of imposing an arbitrary cap on the number of school-age children eligible to attend SLCD. Docket Entry ("DE") 59 (Second Amended Complaint) ¶ 59. Parents of another SLCD student have separately intervened in the action. After nearly eight years of litigation, the parties now propose to enter into a settlement. Specifically, they propose to compromise all of the plaintiffs' claims (including those of the infant plaintiffs) in exchange for the NYSED's approval of SLCD's proposed expansion of its elementary school, middle school, and high school programs. *See* DE 190-1 (Affidavit of James Wicks in Support of Infant Compromise Order) ("Wicks Aff.")). I respectfully recommend that the court approve the proposed settlement as fair, reasonable, and in the best interests of the infant plaintiffs. *See* Loc. Civ. R. 83.2(a); N.Y. C.P.L.R. §§ 1205-08; N.Y. Jud. Law § 474.

I. Background

I presume the reader's familiarity with the underlying facts and recite here only a brief summary. SLCD is a private school located in Glen Cove, New York which provides programs and services to both pre-school and school-age children with severe language and communication disorders. DE 109 (Order Denying Parties' Motions for Summary Judgment) at 3. NYSED is a state education agency within the meaning of the IDEA; as such, it is charged with ensuring proper compliance with the IDEA. NYSED grants programmatic approval to private institutions, such as SLCD, that provide special education to children with disabilities. NYSED has authorized SLCD to serve certain types of children with specific types of learning delays and disabilities. *Id.* at 3-4.

In 1996, the New York State Legislature imposed a seven-year moratorium on the approval of any new or expanded programs for pre-school students with disabilities. The legislature created an exception to the moratorium where school districts document a critical need for a new or expanded program. *Id.* at 5. The NYSED is charged with enforcing caps on student enrollment at SLCD. *Id.* at 7-8. In January 2000, SLCD submitted an application to expand SLCD's existing program to include grades 4-6. NYSED declined to review the application because SLCD did not submit documentation demonstrating a "local need" for expansion. In March 2002, after the plaintiffs initiated the instant lawsuit, SLCD submitted another application to NYSED. That application sought authorization to expand the program to include grades 6-9. NYSED did not respond to the March 2002 letter. However, during this lawsuit, NYSED agreed to several waivers to SLCD's enrollment cap that have allowed already enrolled students to remain at SLCD as they get older. *Id.* at 5-7.

2

The plaintiffs commenced this action in January 2002. They claimed that the enrollment caps, the November 1996 "moratorium," and actions taken by NYSED to enforce existing enrollment caps violate their rights guaranteed by the IDEA. *Id.* at 10. In 2006, the Honorable Joanna Seybert, United States District Judge, issued an Order denying the plaintiffs' and defendants' respective motions for summary judgment. *Id.* at 24. Subsequently, the court granted in part the plaintiffs' motion for reargument with respect to the issue of whether NYSED violated 20 U.S.C. § 1412(a)(19), which requires adequate notice, public hearings, and an opportunity for comment prior to the adoption of any policies and procedures necessary to comply with Section 1412. DE 118. On March 31, 2008, the court denied the plaintiffs' motion for summary judgment with respect to that issue. DE 138.

After extensive negotiations, the parties entered into a settlement agreement on February 1, 2010. *See* DE 186 (Minute Entry dated February 1, 2010). Because many of the plaintiffs are minors, I ordered the parties to submit a letter "setting forth reasons why an infant compromise order is not required under applicable law in the circumstances of this case, or alternatively proposing a schedule for securing approval of the proposed infant compromise." *Id.* The parties jointly posit that an infant compromise proceeding is not necessary under the circumstances of this case and that it is within the court's discretion to dispense with some or all of the infant compromise proceeding pursuant to Local Civil Rule 83.2 and New York Civil Practice Law and Rules § 1208. DE 187. I respectfully disagreed and ordered the parties to "submit their proposed infant compromise papers in accordance with N.Y. C.P.L.R. § 1208 (or, alternatively, to show cause why compliance with specific requirements should be excused) no later than March 23, 2010." DE 188 (Scheduling Order dated February 23, 2010).

The plaintiffs submitted their papers on March 23, 2010 and the intervenor-plaintiffs submitted their papers on March 31, 2010. Judge Seybert referred the matter to me to determine whether an infant compromise hearing may be waived, and if not, to conduct the hearing. DE 191. In support of the proposed settlement, the plaintiffs submitted an affidavit from their counsel, James Wicks ("Wicks"), DE 190-1, a copy of the signed settlement agreement, *id.*, a proposed stipulation of dismissal, DE 190-2, and affidavits from the parents of the infant plaintiffs, DE 190-3 – DE 190-7. The intervenor-plaintiffs submitted an affidavit from their counsel, Nancy Hampton ("Hampton Aff."), and an affidavit from a parent of the infant plaintiff-intervenor. DE 192. Based on the plaintiffs' extensive submissions, I conclude that the court may approve the proposed settlement without convening a hearing.

II. Discussion

    A. The Settlement

There is no bright-line test for concluding that a particular settlement is fair. *See, e.g.*, *Newman v. Stein*, 464 F.2d 689, 692-93 (2d Cir. 1972). Rather, the court must determine whether the proposed settlement is "'fair, reasonable, and adequate' by comparing 'the terms of the compromise with the likely rewards of litigation.'" *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 654 (2d Cir. 1999) (quoting *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995)). A strong presumption exists that a settlement is fair and reasonable where "(i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; [and] (iii) there has been sufficient discovery to enable counsel to act intelligently ...." *Ross v. A.H. Robins Co., Inc.*, 700 F. Supp. 682, 683 (S.D.N.Y. 1988) (internal citations and quotation marks omitted).

4

There is no indication of collusion in this case. To the contrary, having reviewed the plaintiffs' written submissions and having worked with the parties extensively on settlement, I am confident that they agreed to this settlement only after arm's-length bargaining with the defendants. In addition, Wicks and Hampton assert, as required by state law, that neither they nor their firms have any interest in the settlement of the instant claim adverse to the infant plaintiffs' interests, and that they have not received nor will they receive any compensation from any party adverse to the interests of the infant plaintiffs. Wicks Aff. ¶¶ 19-20; Hampton Aff. ¶¶ 12-13; *see* N.Y. C.P.L.R. § 1208. I am satisfied that the infant plaintiffs' interests are not being sacrificed in any way and that their attorneys have faithfully represented those interests and the interests of the adult plaintiffs.

In considering a proposed settlement, the following factors are relevant, among others: the complexity, expense and likely duration of the litigation; the extent to which the parties have completed discovery; the litigation risks as to issues of both liability and damages; the defendants' ability to withstand a greater judgment; and the reasonableness of the proposed settlement compared to the best possible recovery and in light of all the litigation risks. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005). In applying these factors, I recognize that I need "'not decide the merits of the case or resolve unsettled legal questions.'" *In re McDonnell Douglas Equip. Leasing Sec. Litig.*, 838 F. Supp. 729, 739 (S.D.N.Y. 1993) (quoting *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981)). Moreover, courts have held that under New York law it should be presumed that the guardian or parent of the infant is acting in the best interests of the child, and accordingly, I give deference to the infant plaintiffs' parents' views regarding the fairness of the settlement. *See, e.g., Sabater v. Lead*

5

*Indus. Ass'n, Inc.*, 2001 WL 1111505, at *3-4 (S.D.N.Y. Sept. 21, 2001); *Stahl v. Rhee*, 643 N.Y.S.2d 148, 153 (App. Div. 1996) (noting that "[i]n a case where reasonable minds may legitimately differ, the judgment of the infant's natural guardian should prevail"). In addition, the litigation in this case has caused, and is likely to continue to cause if not settled, a significant expense and further commitment of time to all of the parties involved.

The terms of the proposed settlement involve expanding SLCD's three programs. SLCD's high school program will be relocated and, after the completion of a site visit at the new location, will be approved by NYSED. It will have a maximum capacity of 168 school-age students to be attained over a period of two years. SLCD's middle school program will expand from its current capacity of 120 students to 156 students. Finally, SLCD's preschool and elementary school program will be approved by NYSED for a maximum capacity of 60 preschool children and 165 school-age children. The settlement also establishes how students will be placed at the schools and identifies the class of students with disabilities to whom SLCD shall provide services. In addition, the settlement sets forth the manner by which the parties will interact in the future to ensure compliance with the settlement agreement. *See* Wicks Aff. ¶ 10.

The plaintiffs' submissions provide further support for the court's approval of this settlement. The settlement comes after eight years of litigation, several motions for summary judgment, extensive discovery practice, and settlement negotiations. The settlement will allow the infant plaintiffs to continue to attend SLCD through eighth grade and have the opportunity to attend SLCD's high school program. *See* Wicks Aff. ¶¶ 11-14. Based on an evaluation of the circumstances of the case, I conclude that the proposed settlement is reasonable and respectfully recommend that the court approve it.

B. <u>Attorneys' Fees and Costs</u>

Neither Wicks's firm nor Hampton's firm is seeking fees from their clients in the settlement. They have, nonetheless, described the services they rendered for their clients pursuant to the requirements of state law. *See* Wicks Aff. ¶ 18; Hampton Aff. ¶ 11; *see* N.Y. C.P.L.R. § 1208. The requirement to assess whether the proposed settlement includes "'suitable compensation for the attorney for his service ... [on] behalf of the ... infant'" is therefore moot. *Allstate Ins. Co. v. Williams*, 2006 WL 2711538, at *4 (E.D.N.Y Sept. 21, 2006) (quoting *Werner v. Levine*, 276 N.Y.S.2d 269, 271 (Sup. Ct. 1967)).

III. <u>Recommendation</u>

For the reasons set forth above, I respectfully recommend that the court approve the parties' proposed settlement. I further recommend that the court retain jurisdiction over this action for the purposes of enforcing this infant compromise order and the terms of the underlying settlement.

IV. <u>Objections</u>

Any objections to this Report and Recommendation must be filed with the Clerk no later than April 26, 2010. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham,*

*Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

**SO ORDERED.**

Dated: Brooklyn, New York
April 7, 2010

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge